UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| BARRY N. DUBORD, JR., | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 2:16-cv-00035-JHR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant | ) | |

# MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal questions the administrative law judge's failure to find that the plaintiff's post-traumatic stress disorder ("PTSD") was a severe impairment, her treatment of the opinion of a treating medical source, her evaluation of credibility, and her alleged interpretation of raw medical data. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 14, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 12.

insured status requirements of the Social Security Act through September 30, 2013, Finding 1, Record at 13; that he suffered from degenerative disc disease of the lumbar spine, depression, and an anxiety disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 13-14; that he had the residual functional capacity ("RFC") to perform light work, except that he could understand, remember, and carry out simple, repetitive instructions, would need to avoid work with the general public but could interact appropriately with coworkers and supervisors, and could adapt to routine changes in the work setting, Finding 5, *id*. at 16; that, he could perform his past relevant work as a newspaper deliverer and inserting machine operator, Finding 6, *id*. at 21; and that he, therefore, had not been disabled from January 1, 2009, his alleged disability onset date, through the date of the decision, August 28, 2014, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the

commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2 Issue

The plaintiff contends that the administrative law judge should have found that his PTSD was a severe impairment at Step 2. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (ECF No. 8) at 2-3. He asserts that the decision mentions neither his PTSD nor the opinion of Aaron Blanchette, Psy.D., diagnosing his PTSD. He argues that this omission is not a harmless error because "PTSD is central to Plaintiff's limitations as set forth by a treating source, and wrongfully rejected by the Decision." *Id.* at 3.

"[I]n this district, assuming that an error has been made at Step 2 in failing to find a particular impairment to be severe, that error is uniformly considered harmless, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim."

3

*Bernier v. Colvin*, No. 2:14-cv-178-JHR, 2015 WL 1780148, at *4 (D. Me. Apr. 17, 2015) (quoting *LaBonte v. Astrue*, Civil No. 09-358-P-S, 2010 WL 2024895, at *3 (D. Me. May 18, 2010)). The plaintiff's contention does not meet this standard; neither a "wrongful" rejection of an examining medical professional's report nor a failure to adopt limitations found by that medical professional to exist, to the extent that these are separate shortcomings, standing alone, necessarily means that, absent such an error, the outcome of the application would change in the applicant's favor. He does not identify any specific limitation resulting from PTSD in Dr. Blanchette's file that would require a finding that the plaintiff was unable to work before the date last insured or as of the date of his application for SSI. *See Beaulieu v. Colvin*, No. 1:14-cv-335-DBH, 2015 WL 4276242, at *2 (D. Me. July 14, 2015) ("Because the plaintiff has cited no medical evidence of work-related limitations due specifically to [the alleged impairment at issue], he cannot establish that the administrative law judge's failure to discuss [that impairment] is anything other than harmless error.").

In addition, the administrative law judge did not in fact "reject" Dr. Blanchette's opinions. Rather, she noted that Dr. Blanchette found the plaintiff's intellectual functioning to be in the low average range, Record at 15 & 19, a limitation that is included in the RFC that she assigned to the plaintiff. *Id*. at 16. The fact that she did not assign a specific weight to Dr. Blanchette's opinions does not necessarily mean that she rejected them. Dr. Blanchette did diagnose chronic PTSD, *id*. at 713, but his discussion of this diagnosis suggests work-related limitations only of hypervigilance in public, increased irritability or outbursts of anger, and difficulty with concentration. *Id*. at 714. Dr. Blanchette describes PTSD as an anxiety disorder. *Id*. at 713.

The administrative law judge found that the plaintiff suffered from an anxiety disorder, *id*. at 13, and Dr. Blanchette mentions no anxiety disorder other than PTSD. *Id*. at 708-15. Therefore,

4

it is reasonable to infer that Dr. Blanchette's diagnosis was adopted by the administrative law judge, not rejected.[2] Further, the plaintiff's limitations that Dr. Blanchette associated with PTSD are accounted for in the RFP assigned to him by the administrative law judge, which limits him to simple, repetitive instructions, directs that he avoid work with the general public, and limits required adaptation to routine changes in the work setting. *Id.* at 16.

The administrative law judge does not include in her RFC any limitation due to "outburst of anger," even if that alternative to increased irritability listed in Dr. Blanchette's report were found to affect the plaintiff, but the plaintiff has made no attempt to show that a restriction to work that does not involve contact with the public would not sufficiently address such a symptom.[3] *See generally Barber v. Astrue*, No. 09-CV-226-TLW, 2010 WL 3369145, at *5 (N.D. Okla. Aug. 20, 2010) (outbursts of anger not necessarily disabling; condition is responsive to control through counseling, medication, and self-discipline).

The plaintiff is not entitled to remand based on his Step 2 argument. *Pagan v. Colvin*, C.A. No. 13-CV-30027-MAP, 2014 WL 1281457, at *6 (D. Mass. Mar. 26, 2014) (noting that administrative law judge's examination of plaintiff's anxiety "necessarily covered the constellation of symptoms associated with his alleged PTSD").

### B. Weight Given to Opinion of Stephen Holt, LSCW

The plaintiff characterizes the administrative law judge's statement of her reasons for assigning little weight to the opinions expressed on an RFC form filled out by Stephen Holt, a licensed clinical social worker who treated the plaintiff, as "erroneous and meaningless boilerplate,

---

[2] Indeed, the Social Security Administration includes PTSD in its listing for anxiety related disorders, Listing 12.06(A)(5), which the administrative law judge expressly considered, Record at 14. *Bittles v. Astrue*, 777 F.Supp.2d 663, 666 (S.D.N.Y. 2011) (PTSD Listing in 12.06).
[3] The defendant takes the position that Dr. Blanchette's references to the plaintiff's anger were based only on the plaintiff's subjective report. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 10) at 4. I do not reach this argument, but note that it is supported by well-established case law in this district.

. . . tainted by [her] failure to recognize the severe impairment of PTSD[.]" Itemized Statement at 4. I have already concluded that the plaintiff has not established anything beyond harmless error in the administrative law judge's alleged failure to classify PTSD, as distinct from some other unspecified anxiety disorder, as a severe impairment.

The administrative law judge said that she "accords little weight to the opinion of the claimant's social worker, Mr. Holt (Exhibit 21F). The extreme limitations set forth therein are not supported by Sweetser treatment notes and are inconsistent with the record as a whole." Record at 20. This is a minimal discussion of the limitations assigned to the plaintiff by Holt, although it is sufficient under case law precedent in this district, because a clinical social worker is not an "acceptable medical source" under applicable regulations, 20 C.F.R. §§ 404.1513(a) & 416.916(a), and, therefore, an administrative law judge is not required to give "good reasons" for the weight he or she assigns to it. *Gleason v. Colvin*, No. 1:15-cv-12-NT, 2015 WL 7013661, at *4 (D. Me. Oct. 15, 2015)

Even if this were not the case, the administrative law judge's stated reasons are supported by the record. Her opinion reviews the record evidence of mental impairment thoroughly, *id*. at 14-20, including Holt's treatment notes, Exhibit 18F. *Id*. at 19. In addition, the sole note cited by the plaintiff as "fully consistent with" the limitations assigned by Holt, *id*. at 4, comes not from Holt, but rather from a nurse practitioner who was providing the plaintiff with medication management, not with counseling or psychiatric evaluation. Record at 696. The specific passage quoted in the Itemized Statement, *id.,* consists entirely of the plaintiff's subjective reports, which are an accepted reason for rejecting resulting conclusions by a treating source. *E.g., Lenfest v. Colvin*, No. 2:14-cv-229-JHR, 2015 WL 1539725, at *3 (D. Me. Apr. 7, 2015); *Clarke v. Colvin*, No. 2:13-cv-377-GZS, 2015 WL 1206495, at *3 (D. Me. Mar. 17, 2015).

The plaintiff is not entitled to remand on this basis.

## C. Raw Medical Evidence

The plaintiff next argues that the administrative law judge impermissibly interpreted raw medical evidence by failing to adopt the opinions of Dr. Blanchette and Mr. Holt. Itemized Statement at 5. He adds that the evaluations performed by state-agency psychologists "did not even find a severe impairment of Anxiety, which the Decision did," were issued before the opinions of Dr. Blanchette and Mr. Holt, and, therefore, cannot serve as substantial evidence to support the administrative law judge's RFC. But, he does not explain *how* the rejection of the opinions of Dr. Blanchette and Mr. Holt necessarily means that the administrative law judge must have interpreted raw medical evidence, or even what that raw medical evidence was.

I have already determined that the administrative law judge's rejection of Dr. Blanchette's conclusions, even assuming that is what the administrative law judge did, and of Mr. Holt's conclusions were supported by the record. Thus, there could be nothing in those opinions that would necessarily have changed the state-agency psychologists' opinions. Having supportably rejected the opinions of Mr. Holt and the diagnosis of Dr. Blanchette, the administrative law judge was free to assign "some weight," Record at 20, to the opinions of the state-agency psychologists. *See, e.g., Bourret v. Colvin*, No. 2:13-cv-00334-JAW, at *4 (D. Me. Oct. 27, 2014). The fact that the administrative law judge found that the plaintiff suffered from a serious impairment (anxiety), which those reviewers did not find to be severe, is not grounds for remand, because it is a conclusion more favorable to the plaintiff than the evidence, by his own account, would justify. *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014).

The plaintiff has not demonstrated entitlement to remand on this basis.

## D. Credibility

The plaintiff's last challenge to the administrative law judge's decision begins with an assertion that "[t]he errors described above undercut the Decision's evaluation of Plaintiff's credibility." Itemized Statement at 5. The administrative law judge found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision[.]" Record at 20. The opinion recites in some detail the plaintiff's daily activities, and their frequency, as well as his statements to care providers, and his testimony at the hearing, highlighting inconsistencies at certain points.

It is not clear why the plaintiff's other challenges, to the administrative law judge's failure to specify PTSD as the type of anxiety from which the plaintiff suffered, the weight assigned to the opinions of his recently-acquired social worker/therapist, and the administrative law judge's alleged reliance on her own interpretation of raw medical evidence, would necessarily indicate an erroneous evaluation of the plaintiff's credibility. In any event, I have rejected those challenges, and the plaintiff's credibility argument, therefore, fails to the extent premised on these challenges.

The plaintiff contends that his "statements as to daily activities" do not "equate in any way to ability to work on a fulltime basis[,[]" Itemized Statement at 6, but that is not the basis of the administrative law judge's treatment of the plaintiff's credibility. Rather, she includes a discussion of those statements in her evaluation of the plaintiff's statements about his physical and mental limitations in general. Fairly read, she is stating why she finds some of the plaintiff's statements not credible, not why his activities of daily living demonstrate that he can work full-time. *See Rucker v. Colvin*, Civil No. 2:13-CV-218-DBH, 2014 WL 1870731, at *7 (D. Me. May 8, 2014) ("[W]hile a claimant's activities of daily living, standing alone, do not constitute substantial evidence of a capacity to undertake full-time remunerative employment, an administrative law

8

judge properly may take such activities into consideration in assessing the credibility of a claimant's allegations[.]" (citations omitted)).[4]

The plaintiff has not demonstrated a need for remand on this basis.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED.**

Dated this 20th day of December, 2016.

        /s/ John H. Rich III
        John H. Rich III
        United States Magistrate Judge

---

[4] At oral argument, the plaintiff's attorney argued for the first time that the fact that the plaintiff had been assigned a case worker meant that he was not able to maintain employment, because a case manager "is used to help with activities of daily living." That is only one of many functions that a case manager may perform, and, in any event, Social Security case law does not support counsel's argument. *See, e.g., Sharp v. Colvin*, Case No.:1:15-cv-01231-DML-LJM, 2016 WL 5218290, at *4,*5 (S.D. Ind. Sept. 22, 2016) (affirming decision that claimant who had case managers was not disabled); *Johnson v. Colvin*, No. 3:12-CV-01801-JO, 2014 WL 1030521, at *4, *7 (D. Ore. Mar. 13, 2014) (same); *Watkins v. Colvin*, No. 3:12-CV-243, 2013 WL 4049613, at *9, *18 (E.D. Tenn. Aug. 9, 2013) (same).